Diallo v. Barr

BIA
A 075 833 630

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand twenty.

PRESENT:
            RAYMOND J. LOHIER, JR.,
            MICHAEL H. PARK,
            STEVEN J. MENASHI,
                *Circuit Judges.*

_____

 MARIAMA DIOULDE DIALLO,
        *Petitioner,*

        v.                                              **19-7**
                                                        **NAC**
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

**FOR PETITIONER:**         Michael S. Henry, Esq.,
                            Philadelphia, PA.

**FOR RESPONDENT:**         Jeffrey Bossert Clark, Acting
                            Assistant Attorney General;
                            Shelley R. Goad, Assistant
                            Director; Lisa Morinelli, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mariama Dioulde Diallo, a native and citizen of Guinea, seeks review of a December 4, 2018, decision of the BIA denying her motion to reopen. *In re Mariama Dioulde Diallo,* No. A 075 833 630 (B.I.A. Dec. 4, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien may file one motion to reopen no later than 90 days after the final administrative decision is rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Diallo's 2018 motion to reopen was untimely because she filed it almost 19 years after the IJ ordered her removal in absentia in 1999 and approximately 16 years after the denial of her first motion to reopen. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R.

2

§ 1003.2(c)(2).

Under the doctrine of equitable tolling, this time limit may be excused if an alien demonstrates ineffective assistance of counsel as well as due diligence in pursuing that claim. *Rashid v. Mukasey*, 533 F.3d 127, 130–31 (2d Cir. 2008); *Jin Bo Zhao v. INS,* 452 F.3d 154, 157-60 (2d Cir. 2006); *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). The movant bears the burden of proof to demonstrate that she "has exercised due diligence in pursuing her claim." *Iavorski v. U.S. INS*, 232 F.3d 124, 135 (2d Cir. 2000). And a failure to establish due diligence is fatal to an ineffective assistance claim. *Cekic*, 435 F.3d at 171. A movant must "affirmatively demonstrate that [s]he exercised reasonable due diligence during the time period sought to be tolled." *Id.* at 170. "This includes both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid*, 533 F.3d at 132; *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007) (diligence requires a case-by-case inquiry into "whether and when the ineffective assistance was, or should have been, discovered by a reasonable person in the situation" (internal quotation marks

3

and alterations omitted)).

The BIA did not err in finding that Diallo failed to show due diligence. Diallo waited 19 years from her removal order and 16 years from the BIA's denial of her first motion to reopen before raising any allegation of ineffective assistance. While there is no amount of time which is per se unreasonable, *Jian Hua Wang*, 508 F.3d at 715, Diallo has not provided evidence of diligence sufficient to account for such an extended period. According to her affidavit, Diallo was contemporaneously aware of her March 1999 in absentia removal order, the IJ's 1999 denial of her motion to reopen, and the BIA's affirmance of the IJ's denial in 2002. She did not specify when she learned that her former counsel surrendered her law license. And she alleged inconsistently that she learned of the ineffective assistance when her daughter filed a visa petition on her behalf in 2016 or when her attorney received the agency's response to a Freedom of Information Act ("FOIA") request in 2018. Diallo does not assert that she took any action to investigate her claims from 2002 until filing the present motion in 2018 beyond stating that she consulted with other attorneys "over the years, but did not get anywhere." *See Cekic*, 435 F.3d at 171. Given these vague

4

and inconsistent allegations, the BIA did not err in concluding that Diallo did not show due diligence. *Id.* at 170–71; *Jian Hua Wang*, 508 F.3d at 715–16 (finding no due diligence where petitioner filed motion eight months after receiving BIA file in FOIA request and becoming aware of ineffective assistance).

Finally, although the BIA has the authority to reopen sua sponte despite the time limit, *see* 8 C.F.R. § 1003.2(a), we lack jurisdiction to review that decision because that authority is "entirely discretionary." *Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court